UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.                                       )     CRIM. NO. 05-30020-MAP<br>)<br>)<br>EDDIE SANTIAGO,              )<br>)<br>    Defendant.                   ) | |

**CONFERENCE REPORT
<u>PURSUANT TO LOCAL RULE 116.5(A)</u>**

    The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Thomas J. O'Connor, Jr., Assistant United States Attorney, and Mark G. Mastroianni, Esq., counsel for Eddie Santiago, hereby submit the following status report pursuant to Local Rule 116.5(A) and Magistrate Judge Neiman's written order.

    1.    The parties agree at this time that this case does not require relief from the timing requirements imposed by Local Rule 116.3.

    2.    The defendant requests discovery concerning expert witnesses under Fed.R.Crim.P. 16(a)(1)(E). The government requests reciprocal discovery pursuant to Fed.R.Crim.P. 16(B)(1)(C). The government also requests notice of whether the defendant intends to rely upon an alibi defense (pursuant to Fed. R. Crim. P. 12.1), an insanity defense (pursuant to Fed. R. Crim. P. 12.2), and/or a defense of public authority (pursuant to Fed.

1

R. Crim. P. 12.3). Accordingly, the parties agree that it is appropriate for the Court to establish dates for response by the parties.

3. The parties anticipate that no additional discovery will be provided by the government as a result of the future receipt of information, documents, or reports of examinations or tests.

4. The parties agree that it would be premature to establish a schedule under Fed. R. Crim. P. 12(c) for the filing and disposition of pretrial motions at the present time.

5. The parties agree that the period of time from April 27, 2005, the date of the defendant's initial appearance and the date on which the defendant filed his notice of non-waiver, through May 11, 2005, which is fourteen days from the date of the filing of the defendant's notice of non-waiver, is excludable from the Speedy Trial Act, pursuant to L.R. 112.2 and 18 U.S.C. § 3161(h)(8)(A). The parties further agree that a total of 35 days will have elapsed under the Speedy Trial Act as of the time of the Initial Status Conference on June 15, 2005, and request that the Court issue an order indicating that the time periods described in this paragraph are excludable pursuant to the Local Rules and 18 U.S.C. § 3161.

6. The parties have not discussed the possibility of resolving this case with a plea and anticipate that a trial will

require approximately four trial days.

7. The parties agree that the scheduling of a final status conference would be premature and request that an Interim Status Conference be established.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
Thomas J. O'Connor, Jr.
Assistant U.S. Attorney


_____
Mark G. Mastroianni, Esq.
Counsel for Eddie Santiago

Dated: June 13, 2005

3