```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,       )   CR-N-05-30020-MAP
                                )
              Plaintiff,        )
                                )
      vs.                       )
                                )
EDDIE SANTIAGO,                 )
                                )
              Defendant.        )
```

### GOVERNMENT'S MOTION TO TOLL SPEEDY TRIAL CLOCK

The United States of America, through Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves that the court exclude the time from the Speedy Trial Clock from July 3, 2006 through July 12, 2006. As grounds, the Government states the following:

1. On April 27, 2005, the defendant had his initial appearance and arraignment on the current charges.

2. On June 30, 2005, the parties had their first status conference. All parties agreed, and Magistrate Judge Neiman found, that no time had run on the Speedy Trial Clock as of June 30, 2005.

3. On August 8, 2005, the parties had another status conference. At that time, Magistrate Judge Neiman revised his previous finding and ordered that thirty-five days had expired on the Speedy Trial Clock as of August 8, 2005. Magistrate Judge

1

Neiman also excluded the time from August 8, 2005 through September 22, 2005 so that the defendant could pursue the possibility of change of counsel.

4. On September 1, 2005, the defendant's counsel Mark Mastroianni withdrew.

5. On October 6, 2005, the Government moved to exclude the time period from September 22, 2005 through the appointment of successor counsel. On October 7, 2005, the court granted this motion under the interests of justice exception.

6. On October 13, 2005, newly appointed counsel appeared at a status conference for the defendant, and the parties agreed to exclude the time period from October 13, 2005 through November 22, 2005. On October 14, 2005, the court granted this motion under the interests of justice exception.

7. On November 22, 2005, the Government moved to exclude the time period from November 22, 2005 through December 16, 2005 so that discovery issues could be resolved. On November 23, 2005, the court granted this motion under the interests of justice exception.

8. On December 21, 2005, the Government moved to exclude the time period from December 21, 2005 through January 5, 2006 so that the defendant could resolve representation issues. On December 22, 2005, the court granted this motion under the interests of justice exception.

9. On January 6, 2006, the Government moved to exclude the time period from January 5, 2006 through February 8, 2006 so that newly retained counsel could review discovery. On January 18, 2006, the court granted this motion under the interests of justice exception.

10. On February 8, 2006, the Government moved to exclude the time period from February 8, 2006 through March 8, 2006 so that newly retained counsel could review discovery. The docket does not show a finding entered by the court.

11. On March 28, 2006, the parties appeared for a status conference at which time a trial date of July 3, 2006 was set. The Government moved to exclude the time period from March 8, 2006 through July 3, 2006 so that newly retained counsel could review discovery and prepare motions. On April 18, 2006, the court granted this motion under the interests of justice exception.

12. Beginning on June 28, 2006, counsel for defendant Santiago has been engaged in a jury trial. The trial is expected to continue through the week of July 10, 2006. Accordingly, the Government moves to exclude the time from July 3, 2006 through July 12, 2006, the newly scheduled trial date in this case, because the exclusion of time would maintain the continuity of counsel, afford defense counsel adequate time to prepare for trial while taking into consideration the exercise of due diligence, and

would serve the ends of justice and outweigh the interests in a speedy trial.

    Filed this 5th day of July, 2006.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                     By: _____
                              WILLIAM M. WELCH II
                              Assistant United States Attorney

CERTIFICATE OF SERVICE

Hampden, ss.                               Springfield, Massachusetts
                                           July 5, 2006


    I, William M. Welch, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by electronic delivery to:

Vincent Bongiorni, Esq.
95 State Street
Springfield, MA  01103-2000


_____
WILLIAM M. WELCH II
Assistant United States Attorney