```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )   CR-N-05-30020-MAP
                               )
                  Plaintiff,   )
                               )
       vs.                     )
                               )
EDDIE SANTIAGO,                )
                               )
                  Defendant.   )
```

**GOVERNMENT'S MEMORANDUM OF LAW REGARDING PREDISPOSITION**

The United States of America, through Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby files this memorandum of law requesting that the court instruct the jury that predisposition means a predisposition to engage in criminal conduct generally, not the specific crime charged.

"The entrapment defense is two-pronged. It requires proof of (1) improper government inducement to commit the crime, and (2) lack of predisposition by the defendant to engage in criminal conduct." United States v. Glaum, 356 F.3d 169, 177 (1st Cir. 2004)(citing United States v. Gamache, 156 F.3d 1, 9 (1st Cir. 1998)). "To present an entrapment defense, the defendant must make an initial prima facie showing of proof raising the issue." Id. (citation omitted).

"At this point, the burden shifts to the government to prove beyond a reasonable doubt that the defendant was not entrapped."

Id. "Sufficient evidence that the government did not improperly induce the crime *or* that the defendant was predisposed towards criminal conduct defeats the entrapment defense." Id. (citing United States v. Capelton, 350 F.3d 231, 242 (1st Cir. 2003)). "We focus here on predisposition, considering: (1) the character or reputation of the defendant; (2) whether the initial suggestion of criminal activity was made by the government; (3) whether the defendant was engaged in criminal activity for profit; (4) whether the defendant showed reluctance to commit the offense; and (5) the nature of the inducement offered by the government." Id. See also United States v. Tom, 330 F.3d 83, 90 (1st Cir. 2003).

Therefore, evidence of a defendant's character and reputation as a drug dealer is admissible to prove predisposition. Glaum, 356 F.3d 177. See United States v. Panet-Collazo, 960 F.2d 256, 259-60 (1st Cir. 1992)(statement by defendant that he "worked with cocaine a lot" shows defendant's predisposition); United States v. Pratt, 913 F2d 982, 989 (1st Cir. 1999)(holding that "[e]vidence showed that, prior to the transaction here at issue, Pratt had dealt in narcotics, thus indicating a predisposition to engage in the purchase and sale of cocaine."); United States v. Mazza, 792 F.2d 1210, 1223 (1st Cir. 1986)(evidence of a prior cocaine purchase was material in light of the defendant's entrapment defense). Evidence of convictions or uncharged conduct involving narcotics different than those charged are also admissible to

prove predisposition. See United States v. Theodosopoulos, 48 F.3d 1438, 1446 (7th Cir. 1995)(marijuana conviction admissible to prove predisposition in cocaine trafficking case); United States v. Posner, 865 F.2d 654, 657-658 (5th Cir. 1989). See also United States v. Russell, 411 U.S. 423, 429 (1973)("if the defendant seeks acquittal by reason of entrapment he cannot complain of an appropriate and searching inquiry into his own conduct and predisposition as bearing upon that issue.")(quoting Sorrells v. United States, 287 U.S. 435, 451 (1932)).

Even prior convictions or uncharged conduct unrelated to the charged crimes may be admissible if they tend to prove predisposition. See United States v. Van Horn, 277 F.3d 48, 56-57 (1st Cir. 2002)(prior burglary of an explosives depot in 1993 admissible to prove predisposition to possess explosives in 1998); United States v. Houle, 237 F.3d 71, 79 (1st Cir. 2001)(holding that evidence of providing security for the collection of a gambling debt was admissible to prove whether or not the defendant "participate[d] in the cocaine conspiracy or whether the government ensnared him in its plot.").

Filed this 25th day of July, 2006.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:   /s/ William M. Welch II
WILLIAM M. WELCH II
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

Hampden, ss.                                Springfield, Massachusetts
                                            July 25, 2006


    I, William M. Welch, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by electronic delivery to:

Vincent Bongiorni, Esq.
95 State Street
Springfield, MA  01103-2000


                                      /s/ William M. Welch II
                                     WILLIAM M. WELCH II
                                     Assistant United States Attorney