UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES of AMERICA | ) | |
| | ) | |
| vs. | ) | No. 05-CR-30020 MAP |
| | ) | |
| EDDIE SANTIAGO | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM IN SUPPORT OF DOWNWARD DEPARTURE AND VARIANCE FROM THE UNITED STATES SENTENCING COMMISSION GUIDELINES**

**ARGUMENT**

The Sentencing Guidelines give Courts considerable guidance as to what factors are likely or not to make a case atypical. These factors fall into four (4) categories; Encouraged factors are those the Sentencing Commission has not been able to take into account. U.S.S.G. § 5K2.0. Encouraged factors may take a particular case outside the "heartland" of the applicable guideline thereby warranting a departure. Discouraged factors are those "not ordinarily relevant to the determination of whether a sentence should be outside the guideline range." U.S.S.G. Ch. 5 pt. H. The Sentencing Commission does not view discouraged factors as necessarily an inappropriate base for departure, limiting their reliance to the exceptional case. United States v. Periera, 272 F.3d. 76 (1st Cir. 2001). The third category includes factors upon which the Court can rely to depart but unlike the first two, are not specifically enumerated in the guidelines. When a factor is unmentioned the court must consider the structure and theory of the relevant guidelines and the guidelines taken as a whole to decide whether it is sufficient to take the case out of the guideline "heartland." Koon v. United States, 518 U.S. 81 (1996). Those factors that are explicitly or implicitly proscribed by the guidelines as basis for departure constitute the fourth basis for departure. United States v. Martin, 221 F.3d. 57 (1st Cir. 2000).

**DEFENDANT'S MENTAL HEALTH/FAMILY TIES**

Mr. Santiago is currently 30 years of age in custody awaiting sentence on a single count

of distribution of cocaine base. Mr. Santiago's early life is significant insofar as his mother and stepfather openly sold drugs from the family residence, and encouraged him to do so as well. Additionally, two attempts were made on Mr. Santiago's life, the most serious occurring at age 16 when he and a childhood friend were shot at close range. Although Mr. Santiago survived, his friend's death continues to haunt him to this day.

Section 5H1.3 specifically states that a defendant's mental or emotional conditions are not ordinarily relevant. If they are to be considered, the District Court must expressly find that the defendant's particular mental or emotional condition is "atypical." When such conditions do exist, the sentencing court does possess broad discretion in determining that downward departure may be warranted. United States v. Studely, 907 F.2d. 254 (1st Cir. 1990).

In the present case, Mr. Santiago was examined by Dr. Howard Lester who has authored a report which the defendant incorporates by reference to this memorandum. Dr. Lester identifies three separate disorders affecting Mr. Santiago. The doctor's report reflects that these disorders were active and directly affecting him prior to, during, and subsequent to the commission of the instant offense.

Mr. Santiago's early life and history were characterized by Dr. Lester as falling "far outside the norm for this group." Dr. Lester found the parents conduct not just the "seeds of an antisocial lifestyle," but a "full scale indoctrination." The aftermath of the shooting lead to an increase in self medication at a time in Mr. Santiago's early teens when all of his external resources and supports, i.e., his family, were directed in the "same self-destructive direction."

Indeed, in assessing whether Mr. Santiago's case was atypical, Dr. Lester recites a litany of problems shared by individuals from similar socioeconomic backgrounds, which the Sentencing Commission has considered not ordinarily relevant to departures yet still opines this defendant is abnormal for this group.

When a departure from the Guidelines is requested, the District Court first should ask; "what features of this case, potentially, take it outside the Guidelines' "heartland" and make of it a special, or unusual, case?" United States v. Rivera, 994 F.2d.@ 949. In cases like this, where the special features are discouraged, the court should "go on to decide whether the case is nonetheless not 'ordinary', i.e., whether the case differs from the ordinary case in which those features are present." If the case is not ordinary, the court then may consider departure deriving whatever guidance it can from the Guidelines, but, ultimately, "drawing upon experience and

informed judgement."

In <u>United States v. DeMasi</u>, 40 F.3d. 1306, 1324 (1st Cir. 1994), the First Circuit has held that when a District Court contemplates a downward departure based on a discouraged factor, it must compare the defendant to others who exhibit that factor, and not just those similarly charge. Dr. Lester's report speaks directly to this required comparison.

CONCLUSION

For all the reasons set forth above, the defendant is entitled to the relief requested.

Respectfully submitted,

DEFENDANT

BY: /s/ Vincent A.Bongionri, Esq.

95 State Street - Suite #309

Springfield, MA 01103

(413) 732-0222

BBO #049040

CERTIFICATE OF SERVICE

I, Vincent A. Bongiorni, Esq., do hereby certify that I have served a copy of the foregoing via CM/ECF to the United States District Attorney, Todd Newhouse, Federal Building & Courthouse, 1550 Main Street, Springfield, MA 01103 this 10 day of August 2007.

/s/ Vincent A. Bongiorni